### EZEKIEL PHILLIPS

*v.*

### THE STATE OF ILLINOIS.

*Opinion filed December 30, 1896.*

PENAL INSTITUTIONS—*inmates must conform to rules.* Persons convicted of crime and sentenced to penitentiary must conform to statutes governing the penitentiary and controlling the inmates thereof and although sentence failed to state that claimant is to be put to hard labor and he does perform hard labor, claimant cannot recover.

There is no contention over the facts in this case. On October 31, 1876, the claimant was sentenced by the circuit court of Douglas county, Judge Oliver L. Davis, presiding, to the penitentiary of the State at Joliet for the term of his natural life. The judgment and sen-

tence of the court as shown by the certified copy of the record is as follows:

"THE PEOPLE, ETC.    ⎫
785.     v.    ⎬    *Venue from Coles County.*
EZEKIEL PHILLIPS.  ⎭

This day came the said People by their State's Attorney and the said defendant, Ezekiel Phillips as well in his own proper person as well as by his counsel also come and now neither the said defendant nor his counsel for him saying anything further why the judgment of the court should not be pronounced against him on the verdict of guilty heretofore entered in this cause.

Therefore it is ordered and adjudged by the court that the said defendant be taken from the bar of this court to the common jail of Douglas county from whence he came and from thence by the sheriff of said Douglas county within five days from the date to the penitentiary of this State at Joliet and be delivered to the warden or keeper of said penitentiary and the said warden or keeper is hereby required and commanded to take the body of said defendant Ezekiel Phillips and confine him in said penitentiary in safe nad secure custody for and during his natural life from and after the delivery hereof and that he pay costs of prosecution herein and that execution issue therefor."

The claimant under said sentence was taken to the State penitentiary at Joliet and there confined and afterwards was removed to the State penitentiary located at Chester, Illinois, and remained in the penitentiary at Chester until some time in 1893 when he was released by a pardon. He now claims that by reason of his having been put to hard labor while in the penitentiary at Joliet and in the penitentiary at Chester he should be reimbursed by the State for his labor and he asks this Commission to award him for his labor $30.00 per month for the term of his confinement, making a total sum of $5,400.00.

The counsel for the claimant contends that because the sentence of confinement does not specify that the claimant was to be put to labor, that therefore he has the right to recover from the State for the labor the claimant performed while in the two prisons. We have examined with some care the argument and brief filed by the counsel for the claimant and the authorities cited, but we are of the opinion that if the judgment of the court was sufficient to commit the claimant to the penitentiary, then the statutes governing the penitentiary and controlling the inmates of the penitentiary and requiring that convicts be kept at hard labor prevents any recovery in the case. We have therefore decided to disallow the claim.